Smith, J.
The facts of this case, so far as it is necessary to state them, are these: Charles R., David, Julius and Louis Rothschild, were the owners, as tenants in common, of a certain tract of land in this city, each owning the one equal fourth part thereof. The first three of these persons, (all of them being then married) conveyed their interest in said premises to another person, as was claimed in fraud of their creditors, such three persons constituting a firm, under the name of R. Rothschild’s Sons. In an action brought by a creditor of said part *546 nership, the Superior Court of this city found that such conveyance was not fraudulent in fact, but was in law only a security for a certain amount, and ordered that it be set aside as an absolute deed, and that it stand only as a mortgage to secure the amount found to be due to the grantee; and under sec. 6344, Rev. Stats., the court appointed Rufus B. Smith as trustee to take possession of the premises, and to institute proceedings for the partition -thereof, and sell the same, and also found the amount of the claims of other creditors, who upon notice had come into such suit, and directed them to be paid by the trustee from the proceeds of the sale.
Proceedings for the partition of said premises were commenced in the court of common pleas by Louis Rothschild, the other tenant in common, making his brothers (who had been co-tenants with him), Mr. Smith, as trustee, and all lien-holders, parties defendants. Mr. Smith, by his answer and cross-petition, set up his right as trustee, and made the wives of the persons whose interest he claimed to represent, parties, who thereupon appeared and severally filed answers, each each averring that she had an inchoate right of dower in the one equal fourth of such real estate, but consenting that the premises be sold free therefrom, and that she receive the value of her said interest from the proceeds of the sale, if the property was sold.
On the hearing of the case, the court found that the plaintiff Louis Rothschild was the owner of the one equal fourth of the premises, and that the defendants, Julius, Charles and David Rothschild had each been the owner of one fourth thereof, but that Smith, as trustee, was now the owner of said three fourths, and that the said Emma, Addie and Clara Rothschild each had an inchoate right of dower in the one undivided fourth part thereof, and partition was ordered accordingly.
It appearing, however, from the return of the commissioners appointed for this purpose, that partition could not be made thereof without manifest injury-to the value, it was ordered to be sold, and was thereafter sold and the sale duly confirmed. The proceeds of the sale which would under other circumstances have been coming to Julius, David and Charles Rothschild, were not nearly sufficient to pay the claims against them as *547 found by the decree, and the court after fixing the value of the inchoate right of dower of said w.ives in the property, and directing it to be paid to them, ordered that the whole of the residue of the purchase-money of such three fourths, after paying costs, etc., be paid to Mr. Smith, as trustee, to be applied to the payment of the debts of the husbands. The trustee excepted to anj? allowance being made to such persons on account of their inchoate right of dower, and the question presented in this error proceeding is, whether such action of the court was right.
It is claimed by the trustee and other creditors that it was not. That admitting that each one of them had an inchoate right of dower in the premises, and that if partition thereof had been made, that the dower of each would have attached to the part set off to her husband, or his grantor or assignee, and thus be entirely beyond the reach of the creditors of the husband, without her consent, yet that on account of the mode of proceeding adopted, viz., an action for partition, and a sale under it, owing to a technical rule of law, each of these women lost all claim to any interest, either in the premises or in the proceeds, and that the creditors of the husband became entitled to the whole of said proceeds, though it is conceded that the wives in no way had incumbered their interest in said land (except by consenting to the sale free of their dower), and were not liable in any way for these debts of their husbands. To require the court so to hold, and thus produce a result so unjust and inequitable, the law should be exceedingly clear.
The claim of the plaintiff in error is based exclusively on the decision of the Supreme Court in the case of Weaver v. Gregg, 6 Ohio St. 547, and it must be conceded that language is used by the judge in the decision of that case which gives color to the contention of the plaintff in error. But the majority of this court is of the opinion that the question raised in the case at bar, was not before the Supreme Court in the Weaver ease, or actually, or by implication even, there settled. It was there held, as stated in the syllabus, that a sale under the act “ to provide for the partition of real estate of an estate held in common, divests the wife of a co-tenant in fee of the estate *548 of her inchoate right of dower therein, and passes the entire estate to the purchaser ”; * and this, too, when the wife was not a party to the partition proceeding, for such was the fact in that case. And we understand the ground upon which that decision was based was this : “ that dower is not the result of contract, but is the creature of positive law, founded on reasons of public policy, and subject, while it remains inchoate, to such modifications and qualifications as legislation for like reasons, of public policy may see proper to impose or if it results from the marriage contract, that it is “ still subject to such incidents as are affixed to it by laws existing and operative at the time of the marriage. And it was found by the court that ever since 1804 the laws of the state providing for the partition or sale of real estate, in effect provided, that when, in such proceedings, the real estate could not be partitioned, and was sold, that such sale divested a wife of a tenant in common of her inchoate right of dower therein, and that the purchaser took it freed therefrom.”
This was what was decided. The judge delivering the opinion stated however, that the statute did not require the wife in such case to be made a party, and no good reason existed why it should be done. And it was further said that the practice, so far as known to the court, in such cases was to distribute to the husband, and to him alone, the proceeds arising from the sale of his undivided interest and property, “ for he is the sole representative of the estate, and that the value of the possible and contingent interest of the wife therein, is incapable of estimate with any degree of accuracy.”
But if it be conceded that when a husband retains his interest in the land, that the proceeds may be properly paid to him, (which is all that is claimed in the decision referred to,) does it follow, that if he transfers his interest in the land to some one else by a deed to which his wife is not a party, or if he attempts to convey it in fraud of his creditors, and a court of equity appoints a trustee to sell his estate and apply the proceeds to the payment of his debts, and a partition proceeding is commenced and the land sold therein, that the wife is barred both of her dower in the land, and compensation for her inchoate right therein ? We think not. If the husband *549 conveys his undivided interest in the land to another person, who thereupon files a petition for partition without joining the husband as he may do, we are of the opinion that the land would not be then sold free of the dower of the wife.
But it is clear that in the case at bar the wives were divested of dower in the land by the sale, for both they and their husbands were parties to the proceeding, and they expressly consented to the sale of the land free of their dower. But why in this case should they not be compensated from the proceeds for their contingent interest? That this inchoate or contingent right of a wife, during her husband’s life to be endowed of his real estate, at his death, is property having a substantial value, and that such value may be ascertained with reasonable certainty, is now clearly and definitively settled, in opposition to the statements made by Judge Brinkerhoff in deciding the case of Weaver v. Gregg, before referred to, is shown by the recent decision of the Supreme Court in Mandel v. McClave, 46 Ohio. St. 407, where the authorities are reviewed and the conclusion stated reached by the court, and it was held in that case that even where a wife joins with her husband in a mortgage on his land to secure a debt due from him, it inures only to the benefit of the mortgagee and his privies, and that general creditors,, or those having liens thereon, created by the husband alone, can take no benefit therefrom, and the wife is entitled, as against them, to have the value of her contingent right of dower in the entire proceeds paid therefrom. And the court (on the theory • that this contingent right of the wife is property,) say, “and the creditors of the husband have no standing in a court of equity, to prevent the application of this equitable rule; they have no claim that property, which as between husband and wife, belongs to the wife, shall be taken without her consent, and applied to pay their debts against the husband.” And again on page 413 it is said, that “ the undoubted rule is, that so long as the real estate remains in the husband or his grantee, equity will not interfere in her favor during the life of the husband, but that she must await her husband’s death, when- her inchoate right will become consummate. *550 When however the estate has been sold at a judicial sale, free from her contingent right of dower whatever right she may have is in the proceeds of the sale, and must be enforced, if at all, by a distribution of the fund.”
We think that these principles, thus clearly stated, are decisive of this case. The idea, that a court of equity, under any forms of procedure, against the wishes of a wife, properly before the court, and asserting her claim, can rightfully turn over to another person, having no claim whatever thereto, the whole of the proceeds of the sale of property of the wife, would be an anomaly in judicial proceedings. It may be possible in view of the decision in Weaver v. Gregg, that it is not necessary to the divesting of the contingent interest of the wife that she be a party to the partition case, that the inferior courts might feel constrained to hold, that if she failed to come in and assert her claim, that it would be lost. But in view of the subsequent decisions of the Supreme Court, there is strong reason to believe that many of the statements of Judge Brinkerhoff, who announced the opinion referred to, would not now be approved or sanctioned, and that it would be held, that in such case the wife, if not a necessary, is certainly a proper party, and when so made, the court must protect her rights by giving to her the value of her interest therein from the proceeds of the sale.
The decision too in Weaver v. Gregg, we think, is limited by its own terms to a case where the husband retains the ownership of the property, and receives his proportionate share of the purchase-money, if the estate is sold — and that thus in contemplation of law no injury will result to the wife, for the reason (as stated in the opinion in that case), that “ when the law steps in and divests the husband of his seizen, and turns the realty into personalty, she is by the act and policy of the law remitted, in lieu of her inchoate dower in the realty, to her inchoate right to a distributive share of the personalty into which it has been transmuted.” And the decision, we think, was never intended to apply to a case where a husband had in any way transferred or incumbered his interest, so that his creditors or grantees, instead of himself, should receive his whole share of the estate.
Rufus B. Smith, for plaintiff in error.
David Eichberg and D. Hdnsheimer, Jr., for defendants in error.
That it is the policy of the law that the wife should be compensated for her contingent right of dower, where the land is sold for the husband’s debts free of her dower, is shown by secs. 6350 and 6357, Rev. Stats., as is recognized in the decision of Mandel v. McClave. The.ease at bar was in effect a proceeding by an assignee to sell the property of the husband to pay his debts. And there is precisely the same necessity and propriety for giving the wife compensation for her inchoate dower, in the lands sold free from her dower, in the one case as in the other. We think therefore, the action of the court of common pleas was right, and we affirm the judgments.
Judge Swing dissented.